UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TRISTAN RIVAN LUSTER<br><br>Defendant. | 4:21-CR-40168<br><br>**ORDER DENYING MOTION<br>FOR COMPASSIONATE RELEASE** |

Defendant, Tristan Luster, filed a *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Docket 110. Plaintiff, the United States of America, denies that Luster is eligible for a sentence reduction. Docket 116. For the following reasons, Luster's motion for compassionate release is denied.

## BACKGROUND

On September 12, 2022, Luster pleaded guilty to conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 846. Docket 92 ¶ 2. On January 6, 2023, the court sentenced Luster to 60 months in custody. Docket 105 at 2. His projected release date is December 16, 2025. *See Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited February 3, 2025) (enter BOP register number 77986-509). Luster is currently incarcerated at Forrest City Low FCI, a low security federal correction institution with an adjacent minimum security facility. *See id.*; *FCI Forrest City Low*, Fed. Bureau of Prisons, https://www.bop.gov/locations/institutions/for/ (last visited February 3, 2025). Luster filed a motion for compassionate release

with the court on June 6, 2024. Docket 116 at 1.

## DISCUSSION

Because sentences are final judgments, a court ordinarily "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c). One narrow exception is the First Step Act (FSA), passed by Congress in 2018. Pub. L. No. 115-391, 132 Stat. 5194 (2018). In pertinent part, the FSA amends 18 U.S.C. § 3582(c)(1)(A) to permit incarcerated defendants in certain circumstances to file motions with the court seeking compassionate release. Compassionate release provides a narrow path for defendants with "extraordinary and compelling reasons" to leave prison early. 18 U.S.C. § 3582(c)(1)(A)(i). Such a reduction in sentence must take into consideration the 18 U.S.C. § 3553(a) sentencing factors and be consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). The burden to establish that a sentence reduction is warranted under 18 U.S.C. § 3582(c) rests with the defendant. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

The Sentencing Commission's policy statement on compassionate release requires both "extraordinary and compelling reasons" to warrant a sentence reduction and the defendant not pose a danger to the public. U.S.S.G. § 1B1.13(a)-(b). The policy statement was amended on November 1, 2023, to reflect the FSA's empowerment of federal courts to adjudicate defendant-initiated motions for compassionate release. U.S.S.G. § 1B.13, amend. 814. Amendment 814 to the Sentencing Commission policy statement also expands the list of extraordinary and compelling reasons justifying compassionate

release from federal detention. *See id.; 2023 Amendments in Brief*, U.S. Sent'g Comm'n, https://www.ussc.gov/sites/default/files/pdf/amendment-process/amendments-in-brief/AIB_814.pdf (last visited February 3, 2024).

**Administrative Exhaustion**

Before the FSA's passage, only the BOP Director had the authority to bring a compassionate release motion on a defendant's behalf. 18 U.S.C. § 3582(c)(1)(A) (2002), *amended by* 18 U.S.C. § 3582(c)(1)(A) (2018). With the enactment of the FSA, Congress has permitted courts to grant a motion for a reduction in sentence filed by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Luster contends that he submitted a request to the warden of his correctional facility. *See* Docket 110 at 4. But such a request to the warden is not contained in the record. *See id.*; Docket 114. The government challenges Luster's motion on the grounds of failure to exhaust. Docket 116 at 1-2.

Under 18 U.S.C. § 3582(c)(1)(A), the court may not modify a term of imprisonment except in a case where a motion is made by the Director of the BOP, or when the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf, or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. *See also United States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021) (characterizing 18 U.S.C. § 3582(c)(1)(A)'s

3

procedural requirement as a "mandatory claim-processing rule" that "must be enforced so long as the opposing party properly raises it."). Luster has not shown that he fully exhausted his administrative appeals, as is required by statute. Thus, the court will not review the merits of Luster's motion.

## CONCLUSION

Luster has not fully exhausted his administrative rights to appeal. Until such rights are exhausted, or the Director of the BOP submits a motion on behalf of Luster, the court may not consider Luster's request for compassionate release. 18 U.S.C. § 3582 (c)(1)(A).

Thus, it is

ORDERED that the defendant's motion for relief under the First Step Act is denied.

Dated March 5, 2025.

BY THE COURT:

/s/ Karen E. Schreier
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE